IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: JENNIFER L. MOORE<br>　　　　Debtor, | BANKRUPTCY CASE NUMBER<br>20-10862 - AMC |
| NATIONSTAR MORTGAGE LLC D/B/A<br>MR. COOPER AS SERVICER FOR BANK<br>OF AMERICA, N.A<br>　　　　Movant.<br>v. | CHAPTER 13<br><br>11 U.S.C. § 362 |
| JENNIFER L. MOORE<br>　　　　Debtor/Respondent, | HEARING DATE AND TIME:<br>**JULY 5, 2022 AT 11:00 A.M.** |
| GLENN H. MOORE, JR.<br>　　　　(Non-filing Co-Debtor), | COURTROOM # 4 |
| KENNETH E. WEST, Trustee<br>　　　　Additional Respondent. | |

**MOTION OF NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER AS SERVICER FOR BANK OF AMERICA, N.A FOR RELIEF FROM THE AUTOMATIC STAY AND CO-DEBTOR STAY UNDER SECTION §362 (d) AND §1301**

Secured Creditor, Nationstar Mortgage LLC d/b/a Mr. Cooper as servicer for Bank of America, N.A ("Movant"), by and through its undersigned counsel, pursuant to 11 U.S.C. §362 and §1301, hereby seeks relief from the automatic stay and co-debtor stay to exercise and enforce its rights, without limitation, with respect to certain real property. In support of this motion, Movant avers as follows:

1.	Debtor named above filed a Voluntary Petition under Chapter 13 of the United States Bankruptcy Code in the Eastern District of Pennsylvania under the above case number.

2.	Movant is the holder of a secured claim against Debtor and Glenn H. Moore, Jr. ("Non-filing Co-Debtor"), secured only by a first mortgage lien on real estate which is the principal residence of Debtor located at 843 West 2nd Street, Lansdale, PA 19446 (the "Mortgaged Premises").

3.	Nationstar Mortgage LLC d/b/a Mr. Cooper as servicer for Bank of America, N.A services the loan on the property referenced in this motion for relief. In the event the automatic stay in this case is modified, this case dismisses and/or the debtor obtains a discharge and a foreclosure action is commenced on the mortgaged property, the foreclosure will be conducted in the name of Bank of America, N.A.

4.      Nationstar Mortgage LLC d/b/a Mr. Cooper as servicer for Bank of America, N.A, directly or through an agent, has possession of the promissory note.  The promissory note is either made payable to Noteholder or has been duly indorsed in blank.  Noteholder is the original mortgagee, or beneficiary, or the assignee of the security instrument for the referenced loan.

5.      The filing of the aforesaid Petition operated as an automatic stay under Section 362(a) of the Bankruptcy Code of proceedings by Movant to foreclose on the Mortgaged Premises.  Movant requests relief from the automatic stay to continue with the filed mortgage foreclosure action, if any, and to take the necessary action to obtain the Mortgaged Premises.

6.      Additional Respondent is the Standing Trustee appointed in this Chapter 13 proceeding.

7.      Debtor has claimed an exemption in the amount of $25,150.00 in the subject property.

8.      Debtor has failed to make all post-petition monthly mortgage payments.

9.      The defaults include the failure to make the following monthly payments:

| | |
|---|---|
| Payments of $636.86 from October 1, 2021 through February 1, 2022 | $3,184.30 |
| Payments of $643.91 from March 1, 2022 through June 1, 2022 | $2,575.64 |
| Suspense Balance | ($83.60) |
| The total amount due (a through b combined) | $5,676.34 |

10.     The Fair Market Value of the Mortgaged Premises is $146,481.30, as per Debtor Schedules.  The approximate amount necessary to payoff the loan is $57,967.90 good through June 2, 2022.  The breakdown of the payoff is as follows:

| | |
|---|---|
| Principal Balance | $52,367.18 |
| Accrued Interest | $2,225.64 |
| Escrow Advance | $1,084.21 |
| Corporate Advance | $2,950.00 |
| NSF Fees | 15.00 |
| Suspense Balance | ($674.13) |

11.     Movant's interests are being immediately and irreparably harmed.  Movant is entitled to relief, from the automatic stay, pursuant to either 11 U.S.C. § 362 (d)(1) or (d)(2), because of the foregoing default and because:

        a)      Movant lacks adequate protection for its interests in the Mortgaged Premises;

      b)      Debtor has little, if any, equity in the Mortgaged Premises; and

      c)      The Mortgaged Premises are not necessary to an effective reorganization or plan.

12.     Movant additionally seeks relief from the Co-Debtor stay under §1301 (if applicable) in the instant case, as the continuation of the co-debtor stay causes irreparable harm to the Movant. Movant may be barred from moving forward with its state court rights under the terms of the mortgage without relief from the co-debtor stay.

13.     Movant requests that the Court waive Rule 4001(a)(3), permitting Movant to immediately implement and enforce the Court's order.

14.     Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase order, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements in support of right to seek a lift of the automatic stay and foreclose if necessary.

WHEREFORE, Movant respectfully moves this Court for an Order (i) granting Movant relief from the automatic stay to foreclose upon and to otherwise exercise and enforce its rights with respect to the Mortgaged Premises, (ii) awarding reasonable attorneys' fees incurred in the preparation and presentation of this motion, and (iii) granting all such other and further relief as the Court deems appropriate and necessary.

Respectfully submitted,

Dated:  06/10/2022

BY:  /s/ Lily C. Calkins
Christopher A. DeNardo 78447
Kristen D. Little 79992
Lily C. Calkins 327356
LOGS Legal Group LLP
3600 Horizon Drive, Suite 150
King of Prussia, PA 19406
(610) 278-6800
logsecf@logs.com

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: JENNIFER L. MOORE<br>　　　　Debtor, | BANKRUPTCY CASE NUMBER<br>20-10862 - AMC |
| NATIONSTAR MORTGAGE LLC D/B/A<br>MR. COOPER AS SERVICER FOR BANK<br>OF AMERICA, N.A<br>　　　　Movant.<br>v. | CHAPTER 13<br><br>11 U.S.C. § 362 |
| JENNIFER L. MOORE<br>　　　　Debtor/Respondent, | HEARING DATE AND TIME:<br>**JULY 5, 2022 AT 11:00 A.M.** |
| GLENN H. MOORE, JR.<br>　　　　(Non-filing Co-Debtor), | COURTROOM # 4 |
| KENNETH E. WEST, Trustee<br>　　　　Additional Respondent. | |

# O R D E R

AND NOW, this _____ day of _____, 2022, at the Eastern District of Pennsylvania, upon the consideration of the Motion of Movant for Relief from the Automatic Stay (the "Motion"), and the failure of Debtor to file an answer, appear or otherwise respond to the Motion, and for good cause shown, it is

ORDERED AND DECREED that the Automatic Stay of all proceedings, as provided under Section 362 of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (the "Code"), 11 U.S.C. § 362, is lifted to allow Movant, or its successors, if any, to proceed with its rights under its loan documents for the property located at 843 West 2nd Street, Lansdale, PA 19446; and it is

FURTHER ORDERED that Rule 4001(a)(3) is not applicable and Movant, or its successors, if any, may immediately implement this order.

BY THE COURT:

_____

HONORABLE ASHELY M. CHAN
UNITED STATES BANKRUPTCY JUDGE

# NOTE

**Multistate**

March 27, 1998
[Date]

843 W. 2nd Street, Lansdale Borough, PA 19446
[Property Address]

## 1. PARTIES

"Borrower" means each person signing at the end of this Note, and the person's successors and assigns. "Lender" means **Cardinal Financial Company, Ltd. Partnership**

and its successors and assigns.

## 2. BORROWER'S PROMISE TO PAY; INTEREST

In return for a loan received from Lender, Borrower promises to pay the principal sum of Seventy Six Thousand Two Hundred Twenty Seven Dollars and no/100

Dollars (U.S. $    76,227.00    ), plus interest, to the order of Lender. Interest will be charged on unpaid principal, from the date of disbursement of the loan proceeds by Lender, at the rate of Seven and One / Half percent ( 7.5000 %) per year until the full amount of principal has been paid.

## 3. PROMISE TO PAY SECURED

Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument." The Security Instrument protects the Lender from losses which might result if Borrower defaults under this Note.

## 4. MANNER OF PAYMENT

### (A) Time

Borrower shall make a payment of principal and interest to Lender on the first day of each month beginning on May, 1998                  . Any principal and interest remaining on the first day of April, 2028           , will be due on that date, which is called the "Maturity Date."

### (B) Place

Payment shall be made at P.O. Box 147, Trevose, PA 19053

or at such place as Lender may designate in writing by notice to Borrower.

### (C) Amount

Each monthly payment of principal and interest will be in the amount of U.S. $    532.99         . This amount will be part of a larger monthly payment required by the Security Instrument, that shall be applied to principal, interest and other items in the order described in the Security Instrument.

### (D) Allonge to this Note for payment adjustments

If an allonge providing for payment adjustments is executed by Borrower together with this Note, the covenants of the allonge shall be incorporated into and shall amend and supplement the covenants of this Note as if the allonge were a part of this Note. [Check applicable box]

[ ] Graduated Payment Allonge [ ] Growing Equity Allonge [ ] Other [specify]

## 5. BORROWER'S RIGHT TO PREPAY

Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty, on the first day of any month. Lender shall accept prepayment on other days provided that Borrower pays interest on the amount prepaid for the remainder of the month to the extent required by Lender and permitted by regulations of the Secretary. If Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payment unless Lender agrees in writing to those changes.

**FHA Multistate Fixed Rate Note - 10/95**              Page 1 of 2

**ELF-1R** (9801)                    ELECTRONIC LASER FORMS, INC. - (800)327-0545              Initials:

Copy

**6. BORROWER'S FAILURE TO PAY**

    **(A)  Late Charge for Overdue Payments**

        If Lender has not received the full monthly payment required by the Security Instrument, as described in Paragraph 4(C) of this Note, by the end of fifteen calendar days after the payment is due, Lender may collect a late charge in the amount of  Four  percent ( 4.0000 %) of the overdue amount of each payment.

    **(B)  Default**

        If Borrower defaults by failing to pay in full any monthly payment, then Lender may, except as limited by regulations of the Secretary in the case of payment defaults, require immediate payment in full of the principal balance remaining due and all accrued interest. Lender may choose not to exercise this option without waiving its rights in the event of any subsequent default. In many circumstances regulations issued by the Secretary will limit Lender's rights to require immediate payment in full in the case of payment defaults. This Note does not authorize acceleration when not permitted by HUD regulations. As used in this Note, "Secretary" means the Secretary of Housing and Urban Development or his or her designee.

    **(C)  Payment of Costs and Expenses**

        If Lender has required immediate payment in full, as described above, Lender may require Borrower to pay costs and expenses including reasonable and customary attorneys' fees for enforcing this Note to the extent not prohibited by applicable law. Such fees and costs shall bear interest from the date of disbursement at the same rate as the principal of this Note.

**7. WAIVERS**

    Borrower and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of amounts due. "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

**8. GIVING OF NOTICES**

    Unless applicable law requires a different method, any notice that must be given to Borrower under this Note will be given by delivering it or by mailing it by first class mail to Borrower at the property address above or at a different address if Borrower has given Lender a notice of Borrower's different address.

    Any notice that must be given to Lender under this Note will be given by first class mail to Lender at the address stated in Paragraph 4(B) or at a different address if Borrower is given a notice of that different address.

**9. OBLIGATIONS OF PERSONS UNDER THIS NOTE**

    If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all of the amounts owed under this Note.

    BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Note.

**WITHOUT RECOURSE PAY TO THE ORDER OF:**

PRINCIPAL RESIDENTIAL MORTGAGE, INC.
_____

ON THIS  27th  DAY OF  March , 19 98

CARDINAL FINANCIAL COMPANY, LTD. PARTNERSHIP

BY: *Marie D Stroud*
    Marie Stroud, Asst. Vice President

ATTEST: *Ellie Settembrino*
    Ellie Settembrino, Asst. Secretary

ELF-1R (9801)

_____ (Seal)
Glenn H. Moore Jr.        -Borrower

_____ (Seal)
Jennifer L. Pulcher        -Borrower

_____ (Seal)
        -Borrower

_____ (Seal)
        -Borrower

PAY TO THE ORDER OF
WITHOUT RECOURSE
PRINCIPAL RESIDENTIAL MORTGAGE, INC.

By: Jon K. Bayhilfer, Executive Vice President &
Secretary - Servicing & Capital Markets

Page 2 of 2

018482



After Recording, send to:

Cardinal Financial Company, Ltd. Partnership
P. O. Box 147
Trevose, Pennsylvania 19053

MONTGOMERY COUNTY COMMISSIONERS REGISTRY
11-00-14036-00-2  LANSDALE
843 W SECOND ST
WALLACE DONALD W & MONIQUE G
B 085 U 066 L   1  1101 DATE: 04/03/98

Commonwealth of Pennsylvania ———————[Space Above This Line For Recording Data]———

## MORTGAGE

THIS MORTGAGE ("Security Instrument") is given on          March 27, 1998
The Mortgagor is Glenn H. Moore Jr. and Jennifer L. Pulcher

RETURN TO

SECURITY ABSTRACT OF PA INC.
P.O. BOX 1060
1741 VALLEY FORGE ROAD
WORCESTER, PA 19490
610-584-6890

("Borrower"). This Security Instrument is given to
Cardinal Financial Company, Ltd. Partnership

                                                                      , which is
organized and existing under the laws of                    Pennsylvania                   , and
whose address is P.O. Box 147, Trevose, PA 19053
                                        ("Lender"). Borrower owes Lender the principal sum of
Seventy Six Thousand Two Hundred Twenty Seven Dollars and Zero Cents
                                        Dollars (U.S. $      76,227.00      ).
This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which
provides for monthly payments, with the full debt, if not paid earlier, due and payable on
      April 1, 2028      . This Security Instrument secures to Lender: (a) the repayment of the debt
evidenced by the Note, with interest, and all renewals, extensions and modifications of the Note; (b) the
payment of all other sums, with interest, advanced under paragraph 7 to protect the security of this

FHA Pennsylvania Mortgage - 4/96          Page 1 of 8
ELF-4R(PA) (9604)          ELECTRONIC LASER FORMS, INC. - (800) 327-0545          Initials:

96 APR -6 AM 9:01

███████████

Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, grant and convey to the Lender the following described property located in

Montgomery                                                    County, Pennsylvania:

### SEE ATTACHED LEGAL DESCRIPTION

which has the address of 843 W. 2nd Street,
Lansdale Borough                                                              [Street, City],
Pennsylvania     19446     [Zip Code] ("Property Address");

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

Borrower and Lender covenant and agree as follows:
UNIFORM COVENANTS.

**1. Payment of Principal, Interest and Late Charge.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and late charges due under the Note.

**2. Monthly Payment of Taxes, Insurance and Other Charges.** Borrower shall include in each monthly payment, together with the principal and interest as set forth in the Note and any late charges, a sum for (a) taxes and special assessments levied or to be levied against the Property, (b) leasehold payments or ground rents on the Property, and (c) premiums for insurance required under paragraph 4. In any year in which the Lender must pay a mortgage insurance premium to the Secretary of Housing and Urban Development ("Secretary"), or in any year in which such premium would have been required if Lender still held the Security Instrument, each monthly payment shall also include either: (i) a sum for the annual mortgage insurance premium to be paid by Lender to the Secretary, or (ii) a monthly charge instead of a mortgage insurance premium if this Security Instrument is held by the Secretary, in a reasonable amount to be determined by the Secretary. Except for the monthly charge by the Secretary, these items are called "Escrow Items" and the sums paid to Lender are called "Escrow Funds."

██████████████

ELF-4R(PA) (9606)                    Page 2 of 8                    Initials: _____

BK8127PG0347

**A.L.T.A. COMMITMENT**
**CHICAGO TITLE INSURANCE COMPANY**
**SCHEDULE C**

Commitment Number:

The land referred to in this Commitment is described as follows:

ALL THAT CERTAIN LOT OR PIECE OF LAND, SITUATE IN LANSDALE BOROUGH,
MONTGOMERY COUNTY, PENNSYLVANIA, BEING KNOWN AND DESIGNATED AS LOT #1
ON THE PLAN OF SUBDIVISION MADE FOR LOUCKY J. COLAVITA BY MILFORD
SURVEY ASSOCIATES, DATED 11/7/79, REVISED 1/14/80, WHICH PLAN IS
RECORDED IN THE OFFICE FOR THE RECORDING OF DEEDS, IN MONTGOMERY
COUNTY, PA., IN PLAN BOOK A-39 PAGE 81, SAID LOT BEING MORE
PARTICULARLY DESCRIBED AS FOLLOWS:

BEGINNING AT A CORNER OF THIS AND LOT #2 ON SAID PLAN ON THE
NORTHEASTERLY SIDE OF WEST SECOND STREET, WHICH POINT OF BEGINNING IS
MEASURED ALONG THE NORTHEASTERLY SIDE OF WEST SECOND STREET, IN A
SOUTHEASTWARDLY DIRECTION 221 FEET FROM THE SOUTHEASTERLY LINE OF
VALLEY FORGE ROAD; THENCE ALONG LOT #2, NORTH 46 DEGREES EAST 150
FEET TO A CORNER IN A 22 FEET WIDE ALLEY; THENCE ALONG THE
SOUTHWESTERLY SIDE OF SAID 20 FEET WIDE ALLEY, NORTH 44 DEGREES WEST
37.50 FEET TO A CORNER; THENCE SOUTH 46 DEGREES WEST 150 FEET PASSING
THROUGH A PARTY WALL TO A CORNER IN THE NORTHEASTERLY SIDE OF WEST
SECOND STREET; THENCE ALONG THE NORTHEASTERLY SIDE OF WEST SECOND
STREET, SOUTH 44 DEGREES EAST 37.50 FEET TO THE POINT AND PLACE OF
BEGINNING.

BEING COUNTY PARCEL NO. 11-00-14036-00-2.

BEING the same premises which Donald and Monique Wallace, his wife by indenture bearing
date the 27th day of March 1998 and duly intended to be forwith recorded,granted
and conveyed unto said mortgagors in fee.

BK8127PG0348

Lender may, at any time, collect and hold amounts for Escrow Items in an aggregate amount not to exceed the maximum amount that may be required for Borrower's escrow account under the Real Estate Settlement Procedures Act of 1974, 12 U.S.C. Section 2601 et seq. and implementing regulations, 24 CFR Part 3500, as they may be amended from time to time ("RESPA"), except that the cushion or reserve permitted by RESPA for unanticipated disbursements or disbursements before the Borrower's payments are available in the account may not be based on amounts due for the mortgage insurance premium.

If the amounts held by Lender for Escrow Items exceed the amounts permitted to be held by RESPA, Lender shall account to Borrower for the excess funds as required by RESPA. If the amounts of funds held by Lender at any time are not sufficient to pay the Escrow Items when due, Lender may notify the Borrower and require Borrower to make up the shortage as permitted by RESPA.

The Escrow Funds are pledged as additional security for all sums secured by this Security Instrument. If Borrower tenders to Lender the full payment of all such sums, Borrower's account shall be credited with the balance remaining for all installment items (a), (b), and (c) and any mortgage insurance premium installment that Lender has not become obligated to pay to the Secretary, and Lender shall promptly refund any excess funds to Borrower. Immediately prior to a foreclosure sale of the Property or its acquisition by Lender, Borrower's account shall be credited with any balance remaining for all installments for items (a), (b), and (c).

**3. Application of Payments.** All payments under paragraphs 1 and 2 shall be applied by Lender as follows:

First, to the mortgage insurance premium to be paid by Lender to the Secretary or to the monthly charge by the Secretary instead of the monthly mortgage insurance premium;

Second, to any taxes, special assessments, leasehold payments or ground rents, and fire, flood and other hazard insurance premiums, as required;

Third, to interest due under the Note;

Fourth, to amortization of the principal of the Note; and

Fifth, to late charges due under the Note.

**4. Fire, Flood and Other Hazard Insurance.** Borrower shall insure all improvements on the Property, whether now in existence or subsequently erected, against any hazards, casualties, and contingencies, including fire, for which Lender requires insurance. This insurance shall be maintained in the amounts and for the periods that Lender requires. Borrower shall also insure all improvements on the Property, whether now in existence or subsequently erected, against loss by floods to the extent required by the Secretary. All insurance shall be carried with companies approved by Lender. The insurance policies and any renewals shall be held by Lender and shall include loss payable clauses in favor of, and in a form acceptable to, Lender.

In the event of loss, Borrower shall give Lender immediate notice by mail. Lender may make proof of loss if not made promptly by Borrower. Each insurance company concerned is hereby authorized and directed to make payment for such loss directly to Lender, instead of to Borrower and to Lender jointly. All or any part of the insurance proceeds may be applied by Lender, at its option, either (a) to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order in paragraph 3, and then to prepayment of principal, or (b) to the restoration or repair of the damaged Property. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments which are referred to in paragraph 2, or change the amount of such payments. Any excess insurance proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

In the event of foreclosure of this Security Instrument or other transfer of title to the Property that extinguishes the indebtedness, all right, title and interest of Borrower in and to insurance policies in force shall pass to the purchaser.

ELF-4R(PA) (304)                              Page 3 of 6                         Initials: ___

**5. Occupancy, Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within sixty days after the execution of this Security Instrument (or within sixty days of a later sale or transfer of the Property) and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender determines that requirement will cause undue hardship for Borrower, or unless extenuating circumstances exist which are beyond Borrower's control. Borrower shall notify Lender of any extenuating circumstances. Borrower shall not commit waste or destroy, damage or substantially change the Property or allow the Property to deteriorate, reasonable wear and tear excepted. Lender may inspect the Property if the Property is vacant or abandoned or the loan is in default. Lender may take reasonable action to protect and preserve such vacant or abandoned Property. Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note, including, but not limited to, representations concerning Borrower's occupancy of the Property as a principal residence. If this Security Instrument is on a leasehold, Borrower shall comply with the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and fee title shall not be merged unless Lender agrees to the merger in writing.

**6. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in place of condemnation, are hereby assigned and shall be paid to Lender to the extent of the full amount of the indebtedness that remains unpaid under the Note and this Security Instrument. Lender shall apply such proceeds to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order provided in paragraph 3, and then to prepayment of principal. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments, which are referred to in paragraph 2, or change the amount of such payments. Any excess proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

**7. Charges to Borrower and Protection of Lender's Rights in the Property.** Borrower shall pay all governmental or municipal charges, fines and impositions that are not included in paragraph 2. Borrower shall pay these obligations on time directly to the entity which is owed the payment. If failure to pay would adversely affect Lender's interest in the Property, upon Lender's request Borrower shall promptly furnish to Lender receipts evidencing these payments.

If Borrower fails to make these payments or the payments required by paragraph 2, or fails to perform any other covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, for condemnation or to enforce laws or regulations), then Lender may do and pay whatever is necessary to protect the value of the Property and Lender's rights in the Property, including payment of taxes, hazard insurance and other items mentioned in paragraph 2.

Any amounts disbursed by Lender under this paragraph shall become an additional debt of Borrower and be secured by this Security Instrument. These amounts shall bear interest from the date of disbursement, at the Note rate, and at the option of Lender, shall be immediately due and payable.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within 10 days of the giving of notice.

ELF-4R(PA) (9/04)                          Page 4 of 8                          Initials

BK 8 1 2 7 PG 0 3 5 0

**8. Fees.** Lender may collect fees and charges authorized by the Secretary.

**9. Grounds for Acceleration of Debt.**

(a) **Default.** Lender may, except as limited by regulations issued by the Secretary, in the case of payment defaults, require immediate payment in full of all sums secured by this Security Instrument if:

(i) Borrower defaults by failing to pay in full any monthly payment required by this Security Instrument prior to or on the due date of the next monthly payment, or

(ii) Borrower defaults by failing, for a period of thirty days, to perform any other obligations contained in this Security Instrument.

(b) **Sale Without Credit Approval.** Lender shall, if permitted by applicable law (including Section 341(d) of the Garn-St. Germain Depository Institutions Act of 1982, 12 U.S.C. 1701j-3(d)) and with the prior approval of the Secretary, require immediate payment in full of all sums secured by this Security Instrument if:

(i) All or part of the Property, or a beneficial interest in a trust owning all or part of the Property, is sold or otherwise transferred (other than by devise or descent), and

(ii) The Property is not occupied by the purchaser or grantee as his or her principal residence, or the purchaser or grantee does so occupy the Property but his or her credit has not been approved in accordance with the requirements of the Secretary.

(c) **No Waiver.** If circumstances occur that would permit Lender to require immediate payment in full, but Lender does not require such payments, Lender does not waive its rights with respect to subsequent events.

(d) **Regulations of HUD Secretary.** In many circumstances regulations issued by the Secretary will limit Lender's rights, in the case of payment defaults, to require immediate payment in full and foreclose if not paid. This Security Instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary.

(e) **Mortgage Not Insured.** Borrower agrees that if this Security Instrument and the Note are not determined to be eligible for insurance under the National Housing Act within 60 days from the date hereof, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. A written statement of any authorized agent of the Secretary dated subsequent to 60 days from the date hereof, declining to insure this Security Instrument and the Note, shall be deemed conclusive proof of such ineligibility. Notwithstanding the foregoing, this option may not be exercised by Lender when the unavailability of insurance is solely due to Lender's failure to remit a mortgage insurance premium to the Secretary.

**10. Reinstatement.** Borrower has a right to be reinstated if Lender has required immediate payment in full because of Borrower's failure to pay an amount due under the Note or this Security Instrument. This right applies even after foreclosure proceedings are instituted. To reinstate the Security Instrument, Borrower shall tender in a lump sum all amounts required to bring Borrower's account current including, to the extent they are obligations of Borrower under this Security Instrument, foreclosure costs and reasonable and customary attorneys' fees and expenses properly associated with the foreclosure proceeding. Upon reinstatement by Borrower, this Security Instrument and the obligations that it secures shall remain in effect as if Lender had not required immediate payment in full. However, Lender is not required to permit reinstatement if: (i) Lender has accepted reinstatement after the commencement of foreclosure proceedings within two years immediately preceding the commencement of a current foreclosure proceeding, (ii) reinstatement will preclude foreclosure on different grounds in the future, or (iii) reinstatement will adversely affect the priority of the lien created by this Security Instrument.

**11. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time of payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or

ELF-4R(PA) (9804)                           Page 6 of 8                           Initials: _____

BK8127PG0351

Borrower's successor in interest.  Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

**12. Successors and Assigns Bound; Joint and Several Liability; Co-Signers.**  The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of  paragraph 9(b). Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent.

**13. Notices.**  Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

**14. Governing Law; Severability.**  This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

**15. Borrower's Copy.**  Borrower shall be given one conformed copy of the Note and of this Security Instrument.

**16. Hazardous Substances.**  Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property.
Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substances affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law.
As used in this paragraph 16, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials.  As used in this paragraph 16, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

Page 6 of 8

Initials:

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**17. Assignment of Rents.** Borrower unconditionally assigns and transfers to Lender all the rents and revenues of the Property. Borrower authorizes Lender or Lender's agents to collect the rents and revenues and hereby directs each tenant of the Property to pay the rents to Lender or Lender's agents. However, prior to Lender's notice to Borrower of Borrower's breach of any covenant or agreement in the Security Instrument, Borrower shall collect and receive all rents and revenues of the Property as trustee for the benefit of Lender and Borrower. This assignment of rents constitutes an absolute assignment and not an assignment for additional security only.

If Lender gives notice of breach to Borrower: (a) all rents received by Borrower shall be held by Borrower as trustee for benefit of Lender only, to be applied to the sums secured by the Security Instrument; (b) Lender shall be entitled to collect and receive all of the rents of the Property; and (c) each tenant of the Property shall pay all rents due and unpaid to Lender or Lender's agent on Lender's written demand to the tenant.

Borrower has not executed any prior assignment of the rents and has not and will not perform any act that would prevent Lender from exercising its rights under this paragraph 17.

Lender shall not be required to enter upon, take control of or maintain the Property before or after giving notice of breach to Borrower. However, Lender or a judicially appointed receiver may do so at any time there is a breach. Any application of rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This assignment of rents of the Property shall terminate when the debt secured by the Security Instrument is paid in full.

**18. Foreclosure Procedure.** If Lender requires immediate payment in full under paragraph 9, Lender may foreclose this Security Instrument by judicial proceeding. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this paragraph 18, including, but not limited to, attorneys' fees and costs of title evidence.

If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under Paragraph 9, the Secretary may invoke the nonjudicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. 3751 et seq.) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided in the Act. Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to a Lender under this Paragraph 18 or applicable law.

**19. Release.** Upon payment of all sums secured by this Security Instrument, this Security Instrument and the estate conveyed shall terminate and become void. After such occurrence, Lender shall discharge and satisfy this Security Instrument without charge to Borrower. Borrower shall pay any recordation costs.

**20. Waivers.** Borrower, to the extent permitted by applicable law, waives and releases any error or defects in proceedings to enforce this Security Instrument, and hereby waives the benefit of any present or future laws providing for stay of execution, extension of time, exemption from attachment, levy and sale, and homestead exemption.

**21. Reinstatement Period.** Borrower's time to reinstate provided in paragraph 10 shall extend to one hour prior to the commencement of bidding at a sheriff's sale or other sale pursuant to this Security Instrument.

**22. Purchase Money Mortgage.** If any of the debt secured by this Security Instrument is lent to Borrower to acquire title to the Property, this Security Instrument shall be a purchase money mortgage.

**23. Interest Rate After Judgment.** Borrower agrees that the interest rate payable after a judgment is entered on the Note or in an action of mortgage foreclosure shall be the rate payable from time to time under the Note.

**24. Riders to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument. [Check applicable box(es)].

☐ Condominium Rider          ☐ Growing Equity Rider          ☐ Other [specify]
☐ Planned Unit Development Rider    ☐ Graduated Payment Rider

ELF-4R (PA) (9504)                    Page 7 of 8                    Initials:

BK8127PG0353

BY SIGNING BELOW, Borrower accepts and agrees to the terms contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

Witnesses:

_____        _____ (Seal)
                                         Glenn H. Moore Jr.              -Borrower

_____        _____ (Seal)
                                         Jennifer L. Pulcher            -Borrower

_____ (Seal)  _____ (Seal)
                               -Borrower                                -Borrower

_____ (Seal)  _____ (Seal)
                               -Borrower                                -Borrower

_____ (Seal)  _____ (Seal)
                               -Borrower                                -Borrower

**Certificate of Residence**

I, MARIE STROUD                                          do hereby certify that the correct address of the within-named Lender is P.O. Box 147, Trevose, PA 19053

Witness my hand this   27th   day of March, 1998.

                                        _____
                                                        Agent of Lender

**COMMONWEALTH OF PENNSYLVANIA,** Montgomery                      **County ss:**

On this, 27th day of March , 1998 , before me, the undersigned officer, personally appeared  Glenn H. Moore Jr. and Jennifer L. Pulcher

known to me (or satisfactorily proven) to be person s    whose name s  are  subscribed to the within instrument and acknowledged that  they     executed the same for the purposes herein contained.
    IN WITNESS WHEREOF, I hereunto set my hand and official seal.

My Commission Expires:

                                        _____
                                                        Title of Officer

ELF-4R(PA) (9604)                Page 8 of 8        ┌─────────────────────────────────┐
                                                    │         NOTARIAL SEAL           │
                                                    │ WILLIAM G. FERRIER, Notary Public│
                                                    │   Limerick, Montgomery Co., PA  │
                                                    │ My Commission Expires Nov. 18, 2001│
                                                    └─────────────────────────────────┘

BK8127PG0354

KNOW ALL MEN BY THESE PRESENTS that CARDINAL FINANCIAL COMPANY, with its principal office at 355 East Street Road, Trevose, PA 19053, for and in consideration of the sum of One Dollar, lawful money of the United States of America, and other good and valuable consideration, to it in hand paid by

Principal Residential Mortgage, Inc., an Iowa Corporation

a corporation organized and existing under the laws of the State of    IOWA
with its principal office at

711 High Street
Des Moines, IA 50392-0720

hereinafter referred to as ASSIGNEE, at or before the ensealing and delivery of these presents, the receipt whereof is hereby acknowledged, has granted, bargained, sold, assigned, transferred and set over, and by these presents does grant, bargain, sell, assign, transfer and set over unto the said ASSIGNEE and its successors and assigns, all that certain Indenture of Mortgage covering premises situated in the    Borough of  Lansdale Borough    , County of         Montgomery              and State of Pennsylvania.

BEING known as:  843 W. 2nd Street, Lansdale Borough, PA 19446

dated       March 27th, 1998           , and recorded in the office of the register, Clerk or Recorder of Deeds         Montgomery        County, in Mortgage Book    8127
Page   346 Et          and made and executed by
             Glenn H. Moore Jr. and Jennifer L. Pulcher

hereinafter referred to as MORTGAGOR, to said CARDINAL FINANCIAL COMPANY, in the principal sum of
$ 76,227.00                              , payable with interest on the unpaid balance at the rate of
  7.500     % per annum, in monthly installments as therein noted.

TOGETHER with the hereditaments and premises in and by said Indenture of Mortgage particularly described and granted, or mentioned and intended so to be, with the appurtenances, and the bond or obligation in said Indenture of Mortgage mentioned and thereby intended to be secured thereby, and all monies due and to grow due thereon, and all its estate, right, title, interest, property, claim and demand in and to the same.

TO HAVE and to hold the same unto the said ASSIGNEE and its successors and assigns, to its and their proper use, benefit and behoof forever, subject, nevertheless, to the equity of redemption of said MORTGAGOR in said Indenture of Mortgage named, and the heirs, executors, administrators, successors and assigns of said MORTGAGOR therein.

AND IT, the said CARDINAL FINANCIAL COMPANY, does hereby covenant, promise and agree to and with the said assignee that there is now due and owing upon the said bond or obligation and Mortgage, the sum of money hereinabove specified as the principal sum due thereon, with interest at the rate specified hereinabove.

IN WITNESS WHEREOF, the said CARDINAL FINANCIAL COMPANY, has these presents to be duly executed by its proper officers this  Twenty Seventh       day of       March, 1998.

RETURN TO

SECURITY ABSTRACT OF PA INC.
P.O. BOX 1060
1741 VALLEY FORGE ROAD
WORCESTER, PA 19490
610-584-5890

CARDINAL FINANCIAL COMPANY, Limited Partnership
BY: CARDINAL MORTGAGE INC., General Partner

BY: _____
     Marie Stroud, Assistant Vice President

ATTEST: _____
     Ellie Settembrino, Assistant Secretary

STATE OF        Pennsylvania
COUNTY OF       Bucks              } SS.

MONTGOMERY COUNTY COMMISSIONERS REGISTRY
11-00-14036-00-2  LANSDALE
843 W SECOND ST
WALLACE DONALD W & MONIQUE G
B 085  U 066 L    1  1101  DATE: 04/03/98

BE IT REMEMBERED, that on this  Twenty Seventh       day of     March    , in the Year of Our Lord,  One Thousand Nine Hundred Ninety Eight      before me, the subscriber, a Notary Public of the State of     Pennsylvania ,      personally appeared  Marie Stroud, Assistant Vice President of Cardinal Mortgage, Inc., General Partner of CARDINAL FINANCIAL COMPANY, Limited Partnership, known to me to be such, and acknowledged this Instrument of Writing to be his act and deed and the act and deed of said Company; that the signature of the aforesaid is in his own proper handwriting; and that his act in signing, sealing, executing, acknowledging and delivering said Instrument of Writing was duly authorized by a Resolution of the Board of Managers of the said CARDINAL FINANCIAL COMPANY.

_____
Notary Public of

NOTARIAL SEAL
MARILYN J LONG, Notary Public
Middletown Twp, Bucks County
My Commission Expires Nov. 15, 1999

Prepared by: _____
              Marie Stroud

BK8127PG1050

 

**MTG BK 13722 PG 02095 to 02099**
INSTRUMENT # : 2013121331
RECORDED DATE: 12/09/2013 10:25:55 AM



RECORDER OF DEEDS
MONTGOMERY COUNTY
*Nancy J. Becker*

One Montgomery Plaza
Swede and Airy Streets ~ Suite 303
P.O. Box 311 ~ Norristown, PA 19404
Office: (610) 278-3289 ~ Fax: (610) 278-3869

**MONTGOMERY COUNTY ROD**

| OFFICIAL RECORDING COVER PAGE | Page 1 of 5 |
|---|---|

| | | |
|---|---|---|
| **Document Type:** Mortgage Assignment | **Transaction #:** | 2981381 - 8 Doc(s) |
| **Document Date:** 11/26/2013 | **Document Page Count:** | 4 |
| **Reference Info:** | **Operator Id:** | sford |
| **RETURN TO:** (Wait) | **PAID BY:** | |
| CT LIEN SOLUTIONS | CT LIEN SOLUTIONS | |
| PO BOX 29071 | | |
| GLENDALE, CA 91209-9071 | | |

**\* PROPERTY DATA:**
Parcel ID #:            11-00-14036-00-2
Address:                843 W SECOND ST

                        PA
Municipality:
School District:

**\* ASSOCIATED DOCUMENT(S):**
MTG BK 8127 PG 00346

| **FEES / TAXES:** | | MTG BK 13722 PG 02095 to 02099 |
|---|---|---|
| Recording Fee:Mortgage Assignment | $54.00 | Recorded Date: 12/09/2013 10:25:55 AM |
| Misc Fee | $1.00 | |
| **Total:** | $55.00 | |

I hereby CERTIFY that
this document is
recorded in the
Recorder of Deeds
Office in Montgomery
County, Pennsylvania.



**Nancy J. Becker**
**Recorder of Deeds**

# PLEASE DO NOT DETACH
## THIS PAGE IS NOW PART OF THIS LEGAL DOCUMENT

**NOTE: If document data differs from cover sheet, document data always supersedes.**
**\*COVER PAGE DOES NOT INCLUDE ALL DATA, PLEASE SEE INDEX AND DOCUMENT FOR ANY ADDITIONAL INFORMATION.**

Return To:
CT LIEN SOLUTIONS
PO BOX 29071
GLENDALE, CA  91209-9071
Phone #: 800-331-3282

RECORDER OF DEEDS
MONTGOMERY COUNTY

2013 DEC -9  AM 8: 55

Prepared By:
CITIMORTGAGE, INC
LAURA JONES
1000 TECHNOLOGY DRIVE, MS 321
O'FALLON, MO 63368-2240

MONTGOMERY COUNTY COMMISSIONERS REGISTRY
11-00-14036-00-2   LANSDALE
843 W SECOND ST
MOORE GLENN H JR &                              $10.00
B 085  U 066  L 1  1101  DATE: 12/09/2013        AN

## ASSIGNMENT OF MORTGAGE

   KNOW ALL MEN BY THESE PRESENTS that CitiMortgage, Inc. successor in interest by merger to
Principal Residential Mortgage, Inc. , whose address is 1000 Technology Drive, O'Fallon, MO, 63368 ,
hereinafter Assignor the holder of the Mortgage hereinafter mentioned, for and in consideration of the
sum of ONE DOLLAR ($1.00) lawful money unto it in hand paid by Bank of America, National Association
, 1800 Tapo Canyon Road, Simi Valley, CA, 93063, Assignee at the time of execution hereof, sell,
assign, transfer and set over unto the said Assignee, the receipt whereof is hereby acknowledged, does
hereby grant, bargain, ALL THAT CERTAIN Mortgage given and executed by Glenn H. Moore Jr. and
Jennifer L. Pulcher to Original Beneficiary: Cardinal Financial Company, Ltd. , bearing the date
03/27/1998 , in the amount of $76,227.00 , said Mortgage being recorded on 04/06/1998  in  Montgomery
County , Commonwealth of Pennsylvania, in Book, Volume, or Liber No: 8127 Page: 00346 Instrument
No: 1998048686.

Being Known as Premises: 843 W. 2nd Street, Lansdale, PA, 19446
Parcel No: 11-00-14036-00-2
Township: Lansdale Borough

   Description/Additional information:
See Exhibit A

   Together with all Rights, Remedies and incidents thereunto belonging.  And all its Right, Title, Interest,
Property, Claim and Demand, in and to the same:

   TO HAVE, HOLD, RECEIVE AND TAKE, all and singular the hereditaments and premises hereby
granted and assigned, or mentioned and intended so to be, with the appurtenances unto Assignee, to and
for its only proper use, benefit and behoof forever; subject, nevertheless, to the equity of redemption of
said Mortgagor in the said Indenture of Mortgage named, and his/her/their heirs and assigns therein.

IN WITNESS WHEREOF, the said **Assignor** has caused these presents to be duly executed by its proper officers

This ___11/26/13_____

CitiMortgage, Inc. successor in interest by merger to Principal Residential Mortgage, Inc.

By: _Dawn Midyett_____
Dawn Midyett
Vice President

Delivered in the Presence of us;

Attest _Tonja Brooks_____
Tonja Brooks

STATE OF **MISSOURI**, **ST. CHARLES COUNTY**

On __11-26-13_____ before me, the undersigned, a notary public in and for said state, personally appeared **Dawn Midyett**, **Vice President** of **CitiMortgage, Inc. successor in interest by merger to Principal Residential Mortgage, Inc.** personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her capacity, and that by his/her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

> LAURA M. JONES
> Notary Public - Notary Seal
> State of Missouri
> Commissioned for St Charles County
> My Commission Expires: March 19, 2016
> Commission Number: 12316868

Notary Public **Laura M. Jones**

Commission Expires: 03/19/2016

The precise address within named Assignee is:
1800 Tapo Canyon Road, Simi Valley, CA, 93063

BY: _Dawn Midyett_____

## ASSIGNMENT OF MORTGAGE

BETWEEN:
**CitiMortgage, Inc. successor in interest by merger to Principal Residential Mortgage, Inc.**
AND
**Bank of America, National Association**

MAIL TO:
**CitiMortgage, Inc. successor in interest by merger to Principal Residential Mortgage, Inc.**
**1000 Technology Drive, O'Fallon, MO, 63368**

## EXHIBIT A

ALL THAT CERTAIN LOT OR PIECE OF LAND, SITUATE IN LANSDALE BOROUGH,
MONTGOMERY COUNTY, PENNSYLVANIA, BEING KNOWN AND DESIGNATED AS LOT #1
ON THE PLAN OF SUBDIVISION MADE FOR LOUCKY J. COLAVITA BY MILFORD
SURVEY ASSOCIATES, DATED 11/7/79, REVISED 1/14/80, WHICH PLAN IS
RECORDED IN THE OFFICE FOR THE RECORDING OF DEEDS, IN MONTGOMERY
COUNTY, PA., IN PLAN BOOK A-39 PAGE 81, SAID LOT BEING MORE
PARTICULARLY DESCRIBED AS FOLLOWS:

BEGINNING AT A CORNER OF THIS AND LOT #2 ON SAID PLAN ON THE
NORTHEASTERLY SIDE OF WEST SECOND STREET, WHICH POINT OF BEGINNING IS
MEASURED ALONG THE NORTHEASTERLY SIDE OF WEST SECOND STREET, IN A
SOUTHEASTWARDLY DIRECTION 221 FEET FROM THE SOUTHEASTERLY LINE OF
VALLEY FORGE ROAD; THENCE ALONG LOT #2, NORTH 46 DEGREES EAST 150
FEET TO A CORNER IN A 22 FEET WIDE ALLEY; THENCE ALONG THE
SOUTHWESTERLY SIDE OF SAID 20 FEET WIDE ALLEY, NORTH 44 DEGREES WEST
37.50 FEET TO A CORNER; THENCE SOUTH 46 DEGREES WEST 150 FEET PASSING
THROUGH A PARTY WALL TO A CORNER IN THE NORTHEASTERLY SIDE OF WEST
SECOND STREET; THENCE ALONG THE NORTHEASTERLY SIDE OF WEST SECOND
STREET, SOUTH 44 DEGREES EAST 37.50 FEET TO THE POINT AND PLACE OF
BEGINNING.

BEING COUNTY PARCEL NO. 11-00-14036-00-2.


BEING the same premises which Donald and Monique Wallace, his wife by indenture bearing
date the 27th day of March 1998 and duly intended to be forwith recorded,granted
and conveyed unto said mortgagors in fee.

Copy

When Recorded Return To:
CitiMortgage, Inc.
Attn: Loss Mitigation Department #0010
5280 Corporate Drive
Frederick, MD 21703

## LOAN MODIFICATION AGREEMENT
### (PROVIDING FOR FIXED INTEREST RATE/CAPITALIZATION)

This Loan Modification Agreement ("Agreement"), made 01/14/10, between GLENN H MOORE and JENNIFER L MOORE. ("Borrower") residing at   , and CitiMortgage, Inc. ("Lender") having offices at 5280 Corporate Drive, Frederick, MD 21703 and amends and supplements (1) the Mortgage, Deed of Trust, or Deed to Secure Debt (the "Security Instrument") dated 03/27/98 and recorded on 04/03/98, Document number 018482, Book number 8127, Page 0346 in the Official Records of MONTGOMERY County, Pennsylvania and (2) the Note bearing the same date as, and secured by the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the "Property", located at 843 W 2ND STREET, LANSDALE BOROUGH PA, 19446, the real property described as being set forth as follows:

### (SEE ATTACHED LEGAL DESCRIPTION)

In consideration of the mutual promises and agreements exchanged , the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. As of 01/14/10, the amount payable under the Note and Security Instrument (the "Unpaid Principal Balance") is U.S.  $ 63,820.48. The Borrower acknowledges that interest has accrued but has not been paid and the Lender has incurred, paid or otherwise advanced taxes, insurance premiums and other expenses necessary to protect or enforce its interest in the Note and the Security Instrument, and that such interest, costs and expenses in the total amount of  $3,550.16, have been added to the indebtedness under the terms of the Note and Security Instrument and the loan re-amortized over 360 months. When payments resume on 03/01/10, the New Unpaid Principal Balance will be $ 67,370.64.

2. The Borrower promises to pay the New Unpaid Principal Balance, plus Interest, to the order of Lender. Interest will be charged on the Unpaid Principal Balance at the yearly rate of 5.000% effective 02/01/10 (the "Interest Change Date"). The Borrower promises to make monthly payments of principal and interest of U.S. $ 361.66 (which does not include and amounts required for Insurance and/or Taxes) beginning on 03/01/10 and continuing thereafter on the same date of each succeeding month until principal and interest are paid in full.

If on 02/01/40 (the "Maturity Date"), the Borrower still owes amounts under the Note and Security Instrument, as amended by this Agreement, the Borrower will pay those amounts in full on the Maturity Date. All other terms stated in the Note remain the same.

The Borrower will make such payments at Post Office Box 9481, Gaithersburg, MD 20898-9481, or at such other place as the Lender may require.

3. If all or any part of the property or any interest in it is sold or transferred (or if a beneficial interest in the Borrower is sold or transferred and the Borrower is not a natural person) without the Lender's prior written consent, the Lender may, at its option, require immediate payment in full of all sums secured by the Security Instrument.

If the Lender exercises this option , the Lender shall give the Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which the Borrower must pay all sums secured by the Security Instrument. If the Borrower fails to pay these sums prior to the expiration period, the Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on the Borrower.
Page 1

4. The Borrower also will comply with all the other covenants, agreements, and requirements of the Security Instrument, including without limitation, the Borrower's covenants and agreements to make all the payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that the Borrower is obligated to make the under Security Instrument; however, the following terms and provisions are forever canceled, null, and void, as of the date specified in paragraph No. 1 above:

      (a) all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any     change or adjustment in the rate of interest payable under the Note; and,

      (b) all terms and provisions of any adjustable rate rider or other instrument or document that is affixed to, or part of, the Note    and Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

5. Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument. Except as otherwise specifically provided in this Agreement, the Note and Security Instrument will remain unchanged, and the Borrower and Lender will be bound by and comply with, all of the terms and provisions thereof, as amended by this Agreement.

6. It is mutually agreed that the Security Instrument shall constitute a first lien upon the premise and that neither the obligation evidencing the aforesaid indebtedness nor the Security Instrument shall in any way be prejudiced by this Agreement, but said obligation and Security Instrument and all the covenants and agreements thereof and the rights of the parties thereunder shall remain in full force and effect except as herein expressly modified.

IN WITNESS WHEREOF, the parties have signed, sealed and delivered this agreement on the date above written.

| 1/20/2010 | Borrower - GLENN H MOORE |
| Date | |

| 01/20/2010 | Borrower - JENNIFER L MOORE |
| Date | |

| _____ | Borrower - |
| Date | |

| _____ | Borrower - |
| Date | |

CitiMortgage, Inc.

| 1/25/10 | By: _____ |
| Date | Lender -    William Hapeman
Assistant Vice President |

Page 2

Copy

STATE OF        Pennsylvania
COUNTY OF       MONTGOMERY

EFFECTIVE DATE:    01/14/10
BORROWERS:         GLENN H MOORE
                   JENNIFER L MOORE
PROPERTY:          843 W 2ND STREET
                   LANSDALE BOROUGH, PA  19446

LOAN NUMBER:       ██████████

## COMPLIANCE AGREEMENT

The undersigned Borrower(s), in consideration of the loan modification of the above-described loan by CitiMortgage, Inc. and/or Assigns (Lender) in the amount of $ 67,370.64, as evidence by a Promissory Note Dated 03/27/98 and secured by a Deed of Trust or Mortgage of even date against real property commonly known as: 843 W 2ND STREET, LANSDALE BOROUGH PA, 19446 agrees to fully cooperate with any reasonable requests made by the Lender, or its agent, (1) to complete such loan modifications; or (2) to enable Lender to sell, convey, seek a guaranty or obtain insurance for, or market said loan to any purchaser, including but not limited to, any investor or institution, the Federal National Mortgage Association, The Government Nation Mortgage Association, the Federal Home Loan Mortgage Corporation, the Department of Housing and Urban Development, the Department of Veterans Affairs, or any municipal bonding authority, or to ensure enforceability of loan if kept in Lender's own portfolio. These requests may include, but are not limited to, all changes, corrections, re-executions or modifications of any documents related to such loan, or execution of any additional documents as may be required.

The undersigned will comply with all such requests within thirty (30) days from the date they are made by the Lender or it's agent. If Borrower(s) fails to meet its obligations hereunder, Borrower(s) agrees to be liable for and to pay or Reimburse Lender for all costs including, but not limited to, actual expenses, legal fees, court costs, and marketing Losses incurred or sustained by Lender to enforce its rights hereunder and caused by such failure.

DATED this _20_ day of _January_, 20_10_

_Glenn H Moore_
Borrower - GLENN H MOORE

_Jennifer L. Moore_
Borrower - JENNIFER L MOORE

_____
Borrower -

_____
Borrower -

Copy

When Recorded Return To:
CitiMortgage, Inc.
Attn: Loss Mitigation Department #0010
5280 Corporate Drive
Frederick, MD 21703

## LOAN MODIFICATION AGREEMENT
### (PROVIDING FOR FIXED INTEREST RATE/CAPITALIZATION)

This Loan Modification Agreement ("Agreement"), made 01/14/10, between GLENN H MOORE and
JENNIFER L MOORE. ("Borrower") residing at   , and CitiMortgage, Inc. ("Lender") having offices at 5280
Corporate Drive, Frederick, MD 21703 and amends and supplements (1) the Mortgage, Deed of Trust, or Deed
to Secure Debt (the "Security Instrument") dated 03/27/98 and recorded on 04/03/98, Document number 018482,
Book number 8127, Page 0346 in the Official Records of MONTGOMERY County, Pennsylvania and (2) the
Note bearing the same date as, and secured by the Security Instrument , which covers the real and personal
property described in the Security Instrument and defined therein as the "Property", located at 843 W 2ND
STREET, LANSDALE BOROUGH PA, 19446, the real property described as being set forth as follows:

### (SEE ATTACHED LEGAL DESCRIPTION)

In consideration of the mutual promises and agreements exchanged , the parties hereto agree as follows
(notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. As of 01/14/10, the amount payable under the Note and Security Instrument (the "Unpaid Principal Balance")
is U.S. $ 63,820.48. The Borrower acknowledges that interest has accrued but has not been paid and the Lender
has incurred, paid or otherwise advanced taxes, insurance premiums and other expenses necessary to protect or
enforce its interest in the Note and the Security Instrument, and that such interest, costs and expenses in the total
amount of $3,550.16, have been added to the indebtedness under the terms of the Note and Security Instrument
and the loan re-amortized over 360 months. When payments resume on 03/01/10, the New Unpaid Principal
Balance will be $ 67,370.64.

2. The Borrower promises to pay the New Unpaid Principal Balance, plus Interest, to the order of Lender.
Interest will be charged on the Unpaid Principal Balance at the yearly rate of 5.000% effective 02/01/10 (the
"Interest Change Date"). The Borrower promises to make monthly payments of principal and interest of U.S. $
361.66 (which does not include and amounts required for Insurance and/or Taxes) beginning on 03/01/10 and
continuing thereafter on the same date of each succeeding month until principal and interest are paid in full.

If on 02/01/40 (the "Maturity Date"), the Borrower still owes amounts under the Note and Security Instrument, as
amended by this Agreement, the Borrower will pay those amounts in full on the Maturity Date. All other terms
stated in the Note remain the same.

The Borrower will make such payments at Post Office Box 9481, Gaithersburg, MD 20898-9481, or at such
other place as the Lender may require.

3. If all or any part of the property or any interest in it is sold or transferred (or if a beneficial interest in the
Borrower is sold or transferred and the Borrower is not a natural person) without the Lender's prior written
consent, the Lender may, at its option, require immediate payment in full of all sums secured by the Security
Instrument.

If the Lender exercises this option , the Lender shall give the Borrower notice of acceleration. The notice shall
provide a period of not less than 30 days from the date the notice is delivered or mailed within which the
Borrower must pay all sums secured by the Security Instrument. If the Borrower fails to pay these sums prior to
the expiration period, the Lender may invoke any remedies permitted by the Security Instrument without further
notice or demand on the Borrower.
Page 1

4. The Borrower also will comply with all the other covenants, agreements, and requirements of the Security Instrument, including without limitation, the Borrower's covenants and agreements to make all the payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that the Borrower is obligated to make the under Security Instrument; however, the following terms and provisions are forever canceled, null, and void, as of the date specified in paragraph No. 1 above:

   (a) all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any        change or adjustment in the rate of interest payable under the Note; and,

   (b) all terms and provisions of any adjustable rate rider or other instrument or document that is affixed to, or part of, the Note        and Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

5. Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument. Except as otherwise specifically provided in this Agreement, the Note and Security Instrument will remain unchanged, and the Borrower and Lender will be bound by and comply with, all of the terms and provisions thereof, as amended by this Agreement.

6. It is mutually agreed that the Security Instrument shall constitute a first lien upon the premise and that neither the obligation evidencing the aforesaid indebtedness nor the Security Instrument shall in any way be prejudiced by this Agreement, but said obligation and Security Instrument and all the covenants and agreements thereof and the rights of the parties thereunder shall remain in full force and effect except as herein expressly modified.

IN WITNESS  WHEREOF, the parties have signed, sealed and delivered this agreement on the date above written.

_1/20/2010_    _Glenn H Moore_
Date              Borrower - GLENN H MOORE

_1/20/20 10_    _Jennifer L. Moore_
Date              Borrower - JENNIFER L MOORE

_____    _____
Date              Borrower -

_____    _____
Date              Borrower -

                CitiMortgage, Inc.    _William Hapeman_
_1/25/10_    By: _____
Date    Lender -    William Hapeman
                Assistant Vice President

Page 2

Copy

STATE OF     Pennsylvania
COUNTY OF    MONTGOMERY

EFFECTIVE DATE:   01/14/10
BORROWERS:        GLENN H MOORE
                  JENNIFER L MOORE
PROPERTY:         843 W 2ND STREET
                  LANSDALE BOROUGH, PA  19446

LOAN NUMBER:      ████████

## COMPLIANCE AGREEMENT

The undersigned Borrower(s), in consideration of the loan modification of the above-described loan by CitiMortgage, Inc. and/or Assigns (Lender) in the amount of $ 67,370.64, as evidence by a Promissory Note Dated 03/27/98 and secured by a Deed of Trust or Mortgage of even date against real property commonly known as: 843 W 2ND STREET, LANSDALE BOROUGH PA, 19446 agrees to fully cooperate with any reasonable requests made by the Lender, or its agent, (1) to complete such loan modifications; or (2) to enable Lender to sell, convey, seek a guaranty or obtain insurance for, or market said loan to any purchaser, including but not limited to, any investor or institution, the Federal National Mortgage Association, The Government Nation Mortgage Association, the Federal Home Loan Mortgage Corporation, the Department of Housing and Urban Development, the Department of Veterans Affairs, or any municipal bonding authority, or to ensure enforceability of loan if kept in Lender's own portfolio. These requests may include, but are not limited to, all changes, corrections, re-executions or modifications of any documents related to such loan, or execution of any additional documents as may be required.

The undersigned will comply with all such requests within thirty (30) days from the date they are made by the Lender or it's agent. If Borrower(s) fails to meet its obligations hereunder, Borrower(s) agrees to be liable for and to pay or Reimburse Lender for all costs including, but not limited to, actual expenses, legal fees, court costs, and marketing Losses incurred or sustained by Lender to enforce its rights hereunder and caused by such failure.

DATED this 20 day of January , 20 10

_____          _____
Borrower - GLENN H MOORE                Borrower - JENNIFER L MOORE

_____          _____
Borrower -                              Borrower -

Copy

APN: 110014036002

**After Recording Return To:**
CitiMortgage, Inc.
1000 Technology Drive, MS 420R
O'Fallon, MO  63368-2240
Doc Prep/Booking & Closing

**This document was prepared by:**
Geetanjali Mahant
With an office address of:
CitiMortgage, Inc.
1000 Technology Drive
O'Fallon, MO 63368

_____[Space Above This Line For Recording Data]_____

**Original Principal Amount:** $ 76,227.00
**Unpaid Principal Amount:** $ 61,713.33
**New Principal Amount:** $ 62,129.35
**New Money (Cap):** $ 668.96

### LOAN MODIFICATION AGREEMENT
### (PROVIDING FOR FIXED INTEREST RATE/CAPITALIZATION)

This Loan Modification Agreement ("Modification Agreement"), made June 23, 2014, between GLENN H MOORE JR and JENNIFER L MOORE AKA JENNIFER L PULCHER ("Borrower") residing at 843 W 2ND ST, LANSDALE, PA 19446-2108 and CitiMortgage, Inc. ("Lender")  successor by reason of merger withPrincipal Residential Mortgage, Inc. and amends and supplements (1) the Mortgage, Deed of Trust, or Deed to Secure Debt (the "Security Instrument"), dated 03/27/98 and recorded on 04/03/98, Document number 018482, Book number 8127, Page 0346 in the Official Records of  MONTGOMERY, PA and (2) the Note bearing the same date as, and secured by the Security Instrument (the "Note"), which covers the real and personal property described in the Security Instrument and defined therein as (the "Property"), located at 843 W 2ND STREET, LANSDALE, PA 19446 the real property described as being set forth as follows:

(SEE ATTACHED LEGAL DESCRIPTION)

In consideration of the mutual promises and agreements exchanged, the parties agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. As of 11/13/14, the amount payable under the Note and Security Instrument (the "Unpaid Principal Balance") is U.S. $ 61,713.33. The Borrower acknowledges that interest has accrued but has not been paid and the Lender has incurred, paid or otherwise advanced taxes, insurance premiums and other expenses necessary to protect or enforce its interest in the Note and the Security Instrument, and that such interest, costs and expenses in the total amount of $ 668.96, have been added to the indebtedness under the terms of the Note and Security Instrument and the loan re-amortized over 360 months. When payments resume on 12/01/14, the New Unpaid Principal Balance will be $ 62,129.35 ("New Unpaid Principal Balance").

Copy

2. The Borrower promises to pay the New Unpaid Principal Balance, plus Interest, to the order of Lender. Interest will be charged on the Unpaid Principal Balance at the yearly rate of 4.250 % effective 11/01/14 (the "Interest Change Date"). The Borrower promises to make monthly payments of principal and interest of U.S. $ 305.64 (which does not include amounts required for Insurance and/or Taxes) beginning on 12/01/14 and continuing thereafter on the same date of each succeeding month until principal and interest are paid in full.

If on 11/01/44 (the "Maturity Date"), the Borrower still owes amounts under the Note and Security Instrument, as amended by this Modification Agreement, the Borrower will pay those amounts in full on the Maturity Date. All other terms stated in the Note remain the same.

3. If all or any part of the property or any interest in it is sold or transferred (or if a beneficial interest in the Borrower is sold or transferred and the Borrower is not a natural person) without the Lender's prior written consent, the Lender may, at its option, require immediate payment in full of all sums secured by the Security Instrument.

If the Lender exercises this option, the Lender shall give the Borrower a Notice of Acceleration. The Notice shall provide a period of not less than 30 days from the date the Notice is delivered or mailed within which the Borrower must pay all sums secured by the Security Instrument. If the Borrower fails to pay these sums prior to the expiration period, the Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on the Borrower.

(a) That, as of the Modification Effective date (the "Effective Date"), I understand that the Lender will only allow the transfer and assumption of the Loan, including this Modification Agreement to a transferee of my property as permitted under the Garn St. Germain Act, 12 U.S.C. Section 1701j-3. A buyer or transferee of the Property will not be permitted, under any other circumstance, to assume the loan. Except as noted herein, this Modification Agreement may not be assigned to, or assumed by, a buyer or transferee of the Property.

4. The Borrower also will comply with all the other covenants, agreements, and requirements of the Security Instrument, including without limitation, the Borrower's covenants and agreements to make all the payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that the Borrower is obligated to make the under Security Instrument; however, the following terms and provisions are forever canceled, null, and void, as of the date specified in paragraph No. 1 above:

(a) all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note; and,

(b) all terms and provisions of any adjustable rate rider or other instrument or document that is affixed to, or part of, the Note and Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

5. Nothing in this Modification Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument. Except as otherwise specifically provided in this Modification Agreement, the Note and Security Instrument will remain unchanged, and the Borrower and Lender will be bound by and comply with, all of the terms and provisions thereof, as amended by this Modification Agreement.

6. It is mutually agreed that the Security Instrument shall constitute a first lien upon the premise and that neither the obligation evidencing the aforesaid indebtedness nor the Security Instrument shall in any way be prejudiced by this Modification Agreement, but said obligation and Security Instrument and all the covenants and agreements thereof and the rights of the parties there under shall remain in full force and effect except as herein expressly modified.

Copy

(a) Not withstanding the foregoing, to the extent personal liability has been discharged in bankruptcy with respect to any amount payable under the Note, as modified herein, nothing contained herein shall be construed to impose personal liability to repay any such obligation where any obligations have been so discharged. If any bankruptcy proceeding is pending or completed during a time period related to entering this Modification Agreement. I understand that I enter this Modification Agreement voluntarily and that this Modification Agreement, or actions taken by the Lender in relation to this Modification Agreement, does not constitute a demand for payment or any attempt to collect any such obligation.

7. That I will execute such other documents as may be reasonably necessary to either (i) consummate the terms and conditions of this Modification Agreement; or (ii) correct the terms and conditions of this Modification Agreement if an error is detected after execution of this Modification Agreement.    I understand that a corrected Modification Agreement or a letter Agreement containing the correction will be provided to me for my signature. At Lender's option, this Modification Agreement will be void and of no legal effect upon notice of such error.  If I elect not to sign any such corrected documentation , the terms of the original Note and Security Instrument shall continue in full force and effect, such terms will not be modified by this Modification Agreement.

[ ] MERS LOAN. If this box is checked, the loan evidenced by the Note and secured by the Security Instrument was assigned to or the Security Instrument was prepared in the name of Mortgage Electronic Registration Systems, Inc. ("MERS") is a separate corporation organized and existing under the laws of Delaware and has an address of 1901 E Voorhees Street Suite C, Danville, IL  61834 or P.O. Box 2026, Flint, MI 48501-2026, and telephone number of (888) 679-MERS.  In cases where the loan has been registered with MERS who has only legal title to the interests granted by the borrower in the mortgage and who is acting solely as nominee for Lender and Lender's successors and assigns, MERS has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling the mortgage loan.

Copy

**Legal Description Of Land :**

ALL THAT CERTAIN LOT OR PIECE OF LAND, SITUATE IN LANSDALE BOROUGH, MONTGOMERY COUNTY, PENNSYLVANIA, BEING KNOWN AND DESIGNATED AS LOT #1 ON THE PLAN OF SUBDIVISION MADE FOR LOUCKY J. COLAVITA BY MILFORD SURVEY ASSOCIATES, DATED 11/7/79, REVISED 1/14/80, WHICH PLAN IS RECORDED IN THE OFFICE FOR THE RECORDING OF DEEDS, IN MONTGOMERY COUNTY, PA., IN PLAN BOOK A-39 PAGE 81, SAID LOT BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS:

BEGINNING AT A CORNER OF THIS AND LOT #2 ON SAID PLAN ON THE NORTHEASTERLY SIDE OF WEST SECOND STREET, WHICH POINT OF BEGINNING IS MEASURED ALONG THE NORTHEASTERLY SIDE OF WEST SECOND STREET, IN A SOUTHEASTWARDLY DIRECTION 221 FEET FROM THE SOUTHEASTERLY LINE OF VALLEY FORGE ROAD; THENCE ALONG LOT #2, NORTH 46 DEGREES EAST 150 FEET TO A CORNER IN A 22 FEET WIDE ALLEY; THENCE ALONG THE SOUTHWESTERLY SIDE OF SAID 20 FEET WIDE ALLEY, NORTH 44 DEGREES WEST 37.50 FEET TO A CORNER; THENCE SOUTH 46 DEGREES WEST 150 FEET PASSING THROUGH A PARTY WALL TO A CORNER IN THE NORTHEASTERLY SIDE OF WEST SECOND STREET; THENCE ALONG THE NORTHEASTERLY SIDE OF WEST SECOND STREET, SOUTH 44 DEGREES EAST 37.50 FEET TO THE POINT AND PLACE OF BEGINNING.

BEING COUNTY PARCEL NO. 11-00-14036-00-2.

Copy

EXECUTED effective as of the day and year first above written.

ACCEPTED AND AGREED TO BY -

CitiMortgage, Inc.

By: _____

Name

_____

Title

_____

Date

BORROWER:

_____

GLENN H MOORE JR

_11/20/14_____

Date

_____

JENNIFER L MOORE

AKA JENNIFER L PULCHER

_11/20/14_____

Date

Copy

ACCEPTED AND AGREED TO BY:

CitiMortgage, Inc. Successor by Merger to

Principal Residential Mortgage, Inc.

By: _Linda Knoll_____

Date: _12/24/14_____

Linda Knoll
Document Control Officer
CitiMortgage, Inc.

Copy

INDIVIDUAL ACKNOWLEDGEMENT

State of Pennsylvania
County of MONTGOMERY

**On this** *20th* **day of** *November*, in the year *2014*, before me, the undersigned, personally appeared, GLENN H MOORE JR personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within Instrument and acknowledged to me that HE/SHE/THEY executed the same in HIS/HER/THEIR capacity(ies), and that by HIS/HER/THEIR signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted executed the instrument.

Notary Public _____ N.P.

My Commission Expires: *July 28, 2017*

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Howard B. Kahn, Notary Public
Lansdale Boro, Montgomery County
My Commission Expires July 28, 2017
MEMBER, PENNSYLVANIA ASSOCIATION OF NOTARIES

State of Pennsylvania
County of MONTGOMERY

**On this** *20th* **day of** *November*, in the year *2014*, before me, the undersigned, personally appeared, JENNIFER L MOORE AKA JENNIFER L PULCHER personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within Instrument and acknowledged to me that HE/SHE/THEY executed the same in HIS/HER/THEIR capacity(ies), and that by HIS/HER/THEIR signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted executed the instrument.

Notary Public _____ N.P.

My Commission Expires: _____

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Howard B. Kahn, Notary Public
Lansdale Boro, Montgomery County
My Commission Expires July 28, 2017
MEMBER, PENNSYLVANIA ASSOCIATION OF NOTARIES

Copy

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

State of Missouri       )
                            )
County of St Charles    )

*On*   December 24, 2014   , before me appeared Linda Knoll, to me personally known, being duly sworn or affirmed did say that she is a Document Control Officer Of CitiMortgage, Inc., and that said instrument was signed on behalf of said corporation, by authority of its Board of Directors, Linda Knoll acknowledged said instrument to be the free act and deed of said corporation, and that such individual made such appearance before the undersigned in the City of O'Fallon, State of Missouri.

Notary Public

GENEVA ENGLISH
Notary Public - Notary Seal
State of Missouri
Commissioned for Lincoln County
My Commission Expires: March 13, 2016
Commission Number: 12314301

Copy

---

State of Missouri)

                SS)

County of St. Charles)

## AFFIDAVIT OF CORRECTION

**Jessica Shepherd**, being first duly sworn on oath, deposes and states as follows:

1. I am employed by CitiMortgage, Inc. as a/an **Assistant Vice President**. In that capacity, I am authorized to execute this affidavit on behalf of CitiMortgage, Inc. The statements made in this Affidavit are based on my personal knowledge.

2. I am over the age of 18 and competent to testify as to the matters contained herein.

3. For convenience, the following party or parties listed on the Note are referred to herein as "Borrower": **GLENN H. MOORE JR & JENNIFER L. PULCHER.**

4. Borrower executed a Note dated **03/27/1998**, in the amount of $76,227.00 secured by a Mortgage on a property located at **843 W. 2ND STREET, LANSDALE BOROUGH, PA 19446.**

5. CitiMortgage, Inc. is the lender and/or servicer of the Note and Mortgage made and executed or assumed by the Borrower.

6. In my capacity as a/an **Assistant Vice President**, I have access to CitiMortgage, Inc.'s business records, including the business records for and relating to the Borrower's loan. I make this affidavit based upon my review of those records relating to the Borrower's loan and from my own personal knowledge of how they are kept and maintained. The loan records for the Borrower are maintained by CitiMortgage, Inc. in the course of its regularly conducted business activities and are made at or near the time of the event, by or from information transmitted by a person with knowledge. It is the regular practice to keep such records in the ordinary course of a regularly conducted business activity.

7. CitiMortgage, Inc.'s business records that relate to the Borrower's loan that I reviewed and relied upon for the statements made in this Affidavit are the Note, Mortgage, any modifications thereto, and CitiMortgage, Inc.'s electronic servicing system.

8. The purpose of this Affidavit is to correct a scrivener's error in the **LOAN MODIFICATION AGREEMENT** with an effective date of **11/01/14**. Through inadvertence, mistake, and error, the Loan Modification Agreement contains a scrivener's error in that.

THE MORTGAGE RECORDED DATE WAS INCORRECTLY STATED AS 04/03/98

9. This error was unintentional. The correct information should read as follows:

04/06/98

█████████████████████████████████

10. I am knowledgeable of the Loan Modification Agreement and confirm that these corrections are true and correct to the best of my knowledge.

Executed this 03/29/2016

By: _____
    Jessica Shepherd

Date: 03/29/2016

Subscribed and sworn to before me this day 03/29/2016 by **Jessica Shepherd**

_Geneva English_
Geneva English, **Notary Public**

> GENEVA ENGLISH
> Notary Public - Notary Seal
> State of Missouri
> Commissioned for Lincoln County
> My Commission Expires: March 13, 2020
> Commission Number: 12314301

State of Missouri
My commission expires: **03/13/2016**

Personally known ___X___ OR Produced identification _____.

Type of identification produced:

_____.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: JENNIFER L. MOORE<br>        Debtor, | BANKRUPTCY CASE NUMBER<br>20-10862 - AMC |
| NATIONSTAR MORTGAGE LLC D/B/A<br>MR. COOPER AS SERVICER FOR BANK<br>OF AMERICA, N.A<br>        Movant.<br>v. | CHAPTER 13<br><br>11 U.S.C. § 362 |
| JENNIFER L. MOORE<br>        Debtor/Respondent, | HEARING DATE AND TIME:<br>**JULY 5, 2022 AT 11:00 A.M.** |
| GLENN H. MOORE, JR.<br>        (Non-filing Co-Debtor), | COURTROOM # 4 |
| KENNETH E. WEST, Trustee<br>        Additional Respondent. | |

**<u>CERTIFICATE OF SERVICE</u>**

I, ___Lily C. Calkins___, an employee of the law firm of LOGS Legal Group LLP hereby certify that I caused to be served true and correct copies of the Motion and Notice of Motion, Response Deadline and Hearing Date by First Class Mail, postage prepaid, at the respective last known address of each person set forth below on this ___10th___ day of _____ ___June___, 2022:

Jennifer L. Moore
843 West 2nd Street
Lansdale, PA 19446

Glenn H. Moore, Jr.
843 West 2nd Street
Lansdale, PA 19446

Brad J. Sadek, Esquire
1315 Walnut Street
Suite 502
Philadelphia, PA 19107
brad@sadeklaw.com - VIA ECF

Kenneth E. West, Trustee
P.O. Box 40837
Philadelphia, PA 19107
ecfemails@ph13trustee.com - VIA ECF

United States Trustee
Sent via electronic notification
ustpregion03.ph.ecf@usdoj.gov

I HEREBY CERTIFY UNDER PENALTY OF PERJURY THAT THE FOREGOING IS
TRUE AND CORRECT.

/s/ Lily C. Calkins
_____

Christopher A. DeNardo 78447

Kristen D. Little 79992

Lily C. Calkins 327356

LOGS Legal Group LLP

3600 Horizon Drive, Suite 150

King of Prussia, PA 19406

(610) 278-6800

logsecf@logs.com