1 Moore Stipulation Bankruptcy Case # 20-10862 - AMC

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: Jennifer L. Moore<br>　　　Debtor, | BANKRUPTCY CASE NUMBER<br>20-10862 - AMC |
| Nationstar Mortgage LLC d/b/a Mr. Cooper as servicer for Bank of America, N.A<br>　　　Movant.<br>v. | CHAPTER 13<br><br>11 U.S.C. § 362 |
| Jennifer L. Moore<br>　　　Debtor/Respondent, | |
| Kenneth E. West, Trustee<br>　　　Additional Respondent. | |

**STIPULATION AND ORDER**

AND NOW, in consideration of the mutual promises and agreements set forth below, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, it is hereby stipulated and agreed to by and between the undersigned as follows:

　　1.　　This Stipulation shall govern all post-petition payments due and owing to Movant, including those that fall due after the arrears, as set forth below, are cured.

　　2.　　The post-petition arrearages on the mortgage held by Movant on Debtor's property at 843 West 2nd Street, Lansdale, PA 19446 (the "Property"), are $6,908.25. The breakdown of the arrears is as follows:

| | |
|---|---:|
| Post-Payments from 11/01/2021 to 02/01/2022 at $636.86 each | $2,547.44 |
| Post-Payments from 03/01/2022 to 07/01/2022 at $643.91 each | $3,219.55 |
| Suspense Balance | $(96.74) |
| Bankruptcy Fees | $1,050.00 |
| Bankruptcy Costs | $188.00 |

2 Moore Stipulation Bankruptcy Case # 20-10862 - AMC

    3.    If Debtor provides proof of negotiated payments not already credited, they will receive credit for those payments.

    4.    Debtor shall cure the arrearages in the following manner:

    (a)    The balance of the arrears, to-wit, $6,908.25, shall be cured by the Debtor through the Chapter 13 Plan. Debtor shall file an amended Chapter 13 Plan to pay the entire new adjusted arrearage claim of $14,368.09 to Movant (original arrearage claim of $7,459.84 + post arrears of $6,908.25) within thirty (30) days of entry of the order. Movant shall file an amended proof of claim to reflect the same;

    5.    Debtor shall resume making the regular monthly mortgage payments on August 1, 2022. If funds are not received prior to the 15th of the month, then the payment shall include all applicable late charges;

    (a)    Should Debtor's regular monthly payment amount change, Debtor shall be notified of such change, and the monthly payment amount due under the terms of the Stipulation shall change accordingly;

    (b)    All payments to Movant shall include the Loan No. written on the face thereof, and shall be made directly to Attention: Nationstar Mortgage LLC d/b/a Mr. Cooper, PO Box 619094 Dallas, TX 75261-9741;

    (c)    Should the Debtor's post-confirmation plan be denied confirmation, counsel for Movant may file a Certification of Default with the Court and the Court shall enter an Order granting relief as to the Property.

    (d)    All payments made pursuant to this Stipulation and Order shall be applied first to reimburse Movant for its attorneys' fees and costs (as provided for above) in connection with this

3 Moore Stipulation Bankruptcy Case # 20-10862 - AMC

motion. All further payments will be applied to the arrears and/or monthly payments in the manner prescribed by the Mortgage and Note.

6. In the event that Debtor fails to file an Amended Chapter 13 Plan within the time period prescribed above, or if Debtor fails to make any of the payments set forth above, Movant shall notify Debtor and Debtor's attorney of the default in writing and Debtor may cure the default within 15 days of the notice. If the default continues to the following month, the Debtor shall include funds to cure that month's default as well. If Debtor should fail to cure the default within 15 days, Movant may file a Certification of Default with the Court, and upon the filing of the Certification, the Court shall enter an Order granting Movant relief from the automatic stay as to the Property.

7. In the event the instant bankruptcy case is converted to a case under Chapter 7, this shall constitute a default under the terms of this Stipulation. Debtor shall cure the pre-petition and post-petition arrears within ten (10) days from the date of conversion. Should the Debtor fail to cure the arrears within ten (10) days from the date of conversion, counsel for Movant may file a Certification of Default with the Court and the Court shall enter an Order granting relief from the automatic stay as to the Property.

8. Debtor understands that should Movant be forced to provide a written Notice of Default of this Stipulation, that Debtor shall be responsible for any reasonable attorney fees of $100.00 per Notice of Default and $200.00 per Certification of Default incurred by Movant as a result of preparation of same.

9. The proof of claim of Bank of America, N.A is hereby updated to conform to this Agreed order, and further, this Agreed Order shall serve as a Supplemental Proof of Claim.

4 Moore Stipulation Bankruptcy Case # 20-10862 - AMC

  10. Debtor agrees that the Court may waive Rule 4001(a) (3), permitting Movant to immediately implement and enforce the Court's order.

  The parties request that this Honorable Court approve this stipulation.

Dated: 07/28/2022

/s/ Lily C. Calkins
Christopher A. DeNardo 78447
Lily C. Calkins 327356
Attorney for Movant

Dated: 07/14/2022

/s/Brad J. Sadek with express permission
Brad J. Sadek, Esquire, Sadek and Cooper
Attorney for Debtor

Dated: 07/28/2022

/s/Kenneth E. West with express permission
Kenneth E. West
Trustee

  AND NOW, this _____ day of _____, 2022, it is hereby ORDERED that the foregoing Stipulation is approved, shall be, and is made an Order of this Court.

BY THE COURT:

**Date: August 2, 2022**

_____
HONORABLE ASHELY M. CHAN
UNITED STATES BANKRUPTCY JUDGE